■ In the Matter of RICHARD SHOENFELD, on Behalf of His Infant Son, DEAN SHOENFELD, Petitioner, v GORDON M. AMBACH, as Commissioner of Education, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Education which held that petitioner's son was not a handicapped child for the 1979-1980 school year. Due to a minimal brain dysfunction, petitioner's son had been classified as a child with a handicapping condition (Education Law, § 4401, subd 1) and placed in a residential school at public expense from April 1, 1976 through June, 1978. Thereafter, the committee on the handicapped from the school district wherein petitioner resides concluded that the child was no longer handicapped and could receive an appropriate education during the 1978-1979 school year at the district's high school. Petitioner's administrative appeals from that decision were rejected by both an impartial hearing officer and the commissioner (see Education Law, § 4404). No CPLR article 78 proceeding was commenced. The school district made the same finding and placement recommendation the following year. Petitioner again took unsuccessful administrative appeals to both an impartial hearing officer and the commissioner. The instant CPLR article 78 proceeding challenging the commissioner's latter determination was transferred to this court. The sole issue raised in this proceeding is whether the commissioner's determination finding that

petitioner's son is not suffering from a handicapping condition for the 1979-1980 school year is supported by substantial evidence. Psychiatric, neurological, psychological and education evaluations were conducted on petitioner's son prior to the 1979-1980 school year. a review of the record before the commissioner reveals that the experts gave inconsistent and conflicting opinions on the question of whether the child was educationally handicapped. Even those experts who felt that a handicapping condition was present were divided as to the nature of any handicap. The commissioner was faced with a difficult decision which necessarily required him to evaluate and choose between widely differing expert opinions. Accordingly, we cannot say that the commissioner's decision crediting those experts who felt that petitioner's son was not handicapped is unsupported by substantial evidence. The determination placing the child in the local high school must be confirmed. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.